UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>        v.<br><br>JONATHAN MCKERNAN, *et al.*,<br><br>    Defendants. | Civil Action No. 24-488 (JEB) |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff John Doe has worked for the federal government for nearly two decades, including at the Internal Revenue Service and the U.S. Bankruptcy Court for the District of Columbia. See ECF No. 1 (Compl.), ¶¶ 1, 29–36. He sought and received an offer of employment from the Federal Deposit Insurance Corporation, only for that offer to be rescinded once the agency found out that Doe had been convicted of a felony — a conviction that was thirty years old and had since been expunged. Id., ¶¶ 37, 40–49. Believing that the statute that flatly prohibits FDIC from hiring convicted felons violates the Fifth Amendment's guarantees of equal protection and due process, as well as the Fair Credit Reporting Act, Doe has brought this suit against the FDIC and its director, Jonathan McKernan. Id., ¶¶ 21, 98–128. Because revealing the details of his expunged felony conviction "would risk exposing him to stigma and significant psychological harm if linked to his identity," Plaintiff has moved to proceed under a pseudonym. See ECF No. 2 (Mot.) at 2. Plaintiff has not made the detailed showing required to overcome the presumption in favor of disclosure, however, so the Court will deny the Motion.

1

See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine ... motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.     Analysis

Plaintiff has not met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.  The Court will address each of the five factors in turn.

First, disclosure of Plaintiff's identity will not reveal any information of a "sensitive [or] highly personal nature."  Id. at 327 (quoting In re Sealed Case, 931 F.3d at 97).  The Complaint reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities" or "medical concerns."  Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)) (cleaned up).

Doe contends that he has a "significant privacy interest in maintaining the confidentiality of his expunged convictions" because being associated with his convictions could "subject [him] to . . . unnecessary interrogation, criticism, or psychological trauma."  Mot. at 7–8 (internal citation omitted).  Harms stemming from being falsely associated with misconduct can certainly weigh in favor of pseudonymity.  See, e.g., Doe v. Benoit, 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (finding risk of being "unfairly brand[ed] . . . as a likely terrorist or traitor" sufficient under first factor); Employee #1 v. Dep't of Behavioral Health, 2023 WL 6209718, at *2 (D.D.C. Sept. 25, 2023) ("concerns about allegations that . . . supposed negligence contributed to . . . murder" weigh in favor of pseudonymity).

Yet Plaintiff has not explained how linking his name with his previous convictions — which would not be falsely accusing him of anything, of course, see Compl., ¶ 6 — could cause any harm beyond the "annoyance and criticism that may attend any litigation."  In re Sealed Case, 971 F.3d at 326.  The case of Doe v. Benoit, 2019 WL 13079193 (D.D.C. Apr. 30, 2019),

provides a helpful comparison.  There, this Court's predecessor granted a Department of Defense employee's request to proceed under a pseudonym only after she "offered sufficient detail about the risks of having her name associated with" a specific charge of misconduct: being an "insider threat."  Id. at *4 (modifications and internal quotation marks omitted).  Since that charge could "unfairly brand" the plaintiff, who worked in the security-sensitive defense industry, "as a likely terrorist or traitor, and at best, as a troublemaker," such that no defense contractor would hire her, the court had the "ful[l] explanation" necessary to identify a serious threat to her employment.  Id. at *3–4.  Here, by contrast, Doe has not explained how revealing his identity or allowing the public to associate him with his previous convictions would harm him, his reputation, or his professional prospects.

      The second factor, by contrast, slightly favors proceeding under a pseudonym.  Doe's Motion and attached Declaration detail the mental harms he has struggled with, harms that could be exacerbated should his identity be revealed.  See Mot. at 8–9; ECF No. 2-1 (Pl. Decl.), ¶¶ 15, 18.  Doe states that disclosure could "cause [him] intense anxiety" and could lead to a "severe new bout of depression."  Pl. Decl., ¶ 18.  Although this does not amount to "retaliatory harm" as such, the fact that "publicity could exacerbate the psychological harms that [he] has already experienced" weighs in favor of granting the Motion.  Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012).

      The tide begins to turn back at the third factor, which supports disclosure because Plaintiff's case does not implicate the privacy interests of any minors.  Plaintiff readily admits as much.  See Mot. at 10.

      The fourth factor, too, weighs against granting the Motion.  Doe rightly notes that generally, "anonymous litigation is more acceptable when the defendant is a governmental body

because government defendants 'do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); Mot. at 10–11.  Still, "there is a heightened public interest when an individual or entity files a suit against the government," particularly in a manner that may "alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward." In re Sealed Case, 971 F.3d at 329.  Here, Plaintiff is mounting a constitutional challenge to the statute that prohibits a federal agency from hiring any person who has been "convicted of any felony." 12 U.S.C. § 1822(f)(4)(E)(i).  This case thus directly concerns "the operation of public law" and triggers the "heightened public interest" that often controls the final disposition of this factor. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (citation omitted); see also Alpha v. Mayorkas, No. 23-1438 (D.D.C. May 23, 2023), ECF No. 3 at 4.

The fifth and final factor does support Plaintiff, since the Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 326 n.1. "Defendants are already aware of . . . Doe's identity" and can presumably identify him by checking his FDIC job-application materials. See Mot. at 11.

On balance, although the second and fifth factors offer some support to Plaintiff's Motion, the remaining ones tip the scales toward disclosure.  The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion for Leave to File Under Pseudonym is DENIED; and

2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, file his [2] Motion on the public docket.

/s/ *James E. Boasberg*  
JAMES E. BOASBERG  
Chief Judge

Date:  February 23, 2024